JOSEPH GATTO, Plaintiff, v. FRED H. GILMORE and Others, Defendants.

Supreme Court, Oneida County, November 21, 1925.

Municipal corporations — public markets — ordinance of city of Utica passed under Laws of 1923, chap. 658, art. 3, § 1, subd. 15, restricting public market on city owned land to producers is valid — non-producers cannot restrain enforcement.

The ordinance passed by the city of Utica under subdivision 15 of section 1 of article 3 of chapter 658 of the Laws of 1923, restricting the use of a public market on city owned land to producers of products offered for sale thereon, is valid, and the plaintiff, a non-producer, does not have the right to use the market nor can he restrain the city of Utica from enforcing the ordinance against him.

MOTION by the defendants to vacate and set aside an injunction order heretofore granted by the special and acting county judge of Oneida county.

R. R. Calli, for the plaintiff.

Clarence E. Williams and J. Herbert Gilroy, for the defendants.

DEVENDORF, J. The injunction restrains the defendants from interfering with the plaintiff in occupying space and conducting business as a dealer in farm products, produce and other goods, wares and merchandise in the public market in the city of Utica. The defendants are further enjoined from carrying out and enforcing an ordinance enacted by the common council of the city of Utica, July 1, 1925, which located a public market in said city and provided for its maintenance, operation and regulation.

It appears that the city of Utica, having obtained possession and ownership of certain lands within its corporate limits formerly occupied by the Erie canal, established by said ordinance a public market place on a part thereof which should thereafter " be kept and maintained for the sale by producers of wood, hay, straw, stalks, fodder, farm products and garden products from wagons and other vehicles in the city." The statute under which the city acted is subdivision 15 of section 1 of article 3 of chapter 658 of the Laws of 1923, which empowers the common council to provide

for acquiring, constructing, maintaining and regulating the use of public markets.

The plaintiff, a non-producer, claims a right to occupy space and conduct business on said market and engage in the sale of farm and garden products as a dealer and not as a producer. He was forbidden by the defendants from operating such business there and space was denied him. This action is to prevent interference on the part of the city with his occupancy and operations.

The plaintiff as a dealer is not a producer and within the scope of the act is not entitled to a place of business on that particular part of the city property. He alleges, however, that the ordinance is in the nature of class legislation, discriminates in favor of the producer, is oppressive and restrains trade and invades his constitutional rights.

I do not view it in that way. The plaintiff is not forbidden to operate as a dealer, commission merchant or seller of farm products in the city. There is no discrimination against him in that regard. The city owns and is in rightful possession of this real estate. In the interests of the public health and welfare it has resolved by this ordinance to locate those who are producers of farm and garden products at a certain place on said land, to segregate the producer from the commission dealer or middleman, to give the consumer a place to deal first hand with the man who cultivates and produces from the soil.

That business of all kinds cannot invade this market is true. The ordinance serves exactly that purpose. It locates all producers alike at this place during certain hours of the day. There is no discrimination as to them. If the plaintiff is a producer he has equal rights with the others.

The city presumably at an expense has obtained these lands and it has the right to control them for the benefit generally of its citizens. The ordinance is neither unreasonable nor oppressive; it regulates rather than discriminates.

I have examined carefully the precedents submitted by the plaintiff and if I read them aright they are not controlling in this case and are not applicable to the undisputed facts here.

The case of *Commonwealth* v. *Rice* (9 Metc. [Mass.] 253) possesses features present in this action. It involved a by-law of the city of Boston passed in 1843 for the regulation of Faneuil Hall Market. My views of the ordinance under consideration are sustained by that decision. The law in that case fits the situation here the best of any that I have been able to find or that has been submitted to me.

The municipal corporation may make and enforce such necessary

and desirable regulations consistent with the State laws and local charter as will promote the public health and welfare. (3 McQuillin Mun. Corp. § 965.)

I think the common council was clearly within its rights and powers when it enacted this ordinance. Under it the authorities of the city have the right to locate the producer where he may sell his products to the consumer and protect both in their relative transactions with reference to such products, and may hold others who are engaged in a different business outside that circle. The middleman should not be permitted to mingle with the producers at this particular place reserved by the city for first-hand sale of the products of the soil and put off to the purchaser his commodities as those of a producer.

I think the following authorities also support my position in this case: 2 Dillon Mun. Corp. (§ 706); *Matter of Nightingale* (11 Pick. [Mass.] 168); *Vanderbilt* v. *Adams* (7 Cow. 349).

Motion is granted and the injunction is vacated, with costs.